UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JOHN LESTER SHEARIN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:25-cv-00083-SNLJ |
| | ) | |
| CHARTER COMMUNICATIONS, | ) | |
| INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant Mastec North America, Inc.'s

(hereinafter referred to as "Mastec") renewed motion for protective order and request for

oral argument [Doc. 41] and defendant Charter Communications, Inc.'s (hereinafter

referred to as "Charter") renewed motion for protective order and request for oral

argument [Doc. 43].  Both motions request that the Court forbid plaintiff, or at the very

least limit, the discovery sought by plaintiff in its second amended notice of taking

videotaped deposition of corporate designees.  [*Id.*].  Plaintiff opposes the motions.  For

the reasons set forth below, the renewed motions for protective orders and request for

oral argument [Docs. 41, 43] are **GRANTED in part and DENIED in part**.

**I. BACKGROUND**

This case arises from a motor-vehicle crash that occurred at the time work was

being performed as part of the Rural Digital Opportunity Fund, the federal program

allocated for the construction of broadband networks in rural communities across the

United States, including St. Francois County and Ste. Genevieve County, Missouri. [Docs. 33, 34, 43, 45]. On May 22, 2022, plaintiff swerved into the left lane of oncoming traffic to avoid a work truck, owned by Push Underground Construction, LLC, and parked in the southbound lane of Route O, near the intersection of Highway 32, in St. Genevieve County. [*Id.*]. As a result of plaintiff swerving into the left lane of oncoming traffic, he collided with an oncoming vehicle. [*Id.*]. Plaintiff claims to have suffered severe and permanent injuries as a result. [*Id.*]. Numerous allegations made by plaintiff relate to Charter's and Mastec's duties and obligations relating to their work under the Rural Digital Opportunity Fund and their correlating duties and obligations as a Missouri Department of Transportation (MoDot) applicant/permittee and contractor. [*Id.*]. This case was initially filed in state court in June 2022. [Docs. 42, 44]. During its tenure in state court, plaintiff amended his petition numerous times; and, the parties conducted extensive discovery. [*Id.*]. Plaintiff then voluntarily dismissed the state court action on May 5, 2025. [*Id.*].

On May 15, 2025, plaintiff refiled suit in this Court. [Doc. 1]. A Rule 16 Order entered on June 6, 2025, assigning the case to Track 2. [Doc. 13]. The case management order was then entered on June 30, 2025, set a February 27, 2026, discovery deadline. [Doc. 23]. Plaintiff then filed his amended complaint on September 18, 2025. [Doc. 33]. The amended complaint alleges seven counts against Charter for negligent hiring of Mastec; negligent training; negligence (vicarious liability); negligent retention of Excel Utility Contractors, LLC; negligent retention of Push Underground Construction; negligent retention of Mastec; and, negligence generally. [*Id.*]. It also alleges six counts

2

against Mastec for negligent hiring of Excel Utility Contractors, LLC; negligent training; negligence (vicarious liability); negligent retention of Excel Utility Contractors, LLC; negligent retention of Push Underground Construction; and negligence generally.  [*Id.*]. The parties have allegedly conducted additional written discovery.  [Docs. 42, 44].

Plaintiff also issued a notice of taking videotaped deposition of corporate designees of both Charter and Mastec pursuant to Federal Rule of Civil Procedure 30(b)(6).  [Docs. 42-1, 44-1].  Once Charter and Mastec objected to plaintiff's notice, plaintiff issued an amended notice pursuant to Rule 30(b)(6) and then a second amended notice.  [Docs. 42-2, 44-2, 42-3, 44-3].[1]  The second amended notice contains sixty (60) topics for the corporate designee to discuss.  [Doc. 44-3].  Charter and Mastec have now filed renewed motions for protective orders.  [Docs. 42, 44].

## II. LEGAL STANDARD

### A.  Oral Argument

Local Rule 4.02 provides that motions in civil cases shall be submitted and determined upon the memoranda without oral argument.  E.D. Mo. R. 4.02(A).  The Court may in its discretion order oral argument on any motion.  *Id.*

---

[1] Charter and Mastec had previously filed motions for protective orders seeking to have plaintiff's second amended notice pursuant to Rule 30(b)(6) prevented or limited.  [Docs. 36, 38].  This Court denied the motions for failure to comply with Local Rule 3.04 without considering their merits.  E.D. Mo. R. 3.04.  Denial of a motion for failure to comply with Local Rule 3.04 is a denial without prejudice subject to the parties' future compliance and refiling of a motion.  Accordingly, Charter and Mastec's renewed motions now before the Court are procedurally proper.

**B.  Protective Order and Rule 30(b)(6)**

Federal Rule of Civil Procedure 26 governs the scope of discovery in federal matters:

> (1) Scope in General.  Unless otherwise limited by court order, the scope of discovery is as follows:  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Courts must limit discovery that "is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," and when "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action."  Fed. R. Civ. P. 26(b)(2)(C).  "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  *Id.* 26(c)(1).  For good cause to exist, the parties seeking protection must show that specific prejudice or harm will result if no protective order is granted.  *See Frideres v. Schiltz*, 150 F.R.D. 153, 156 (S.D. Iowa 1993); *Whitt v. City of St. Louis*, No. 4:18-CV-1294-RLW, 2020 WL 7122615, at *3 (E.D. Mo. Dec. 4, 2020).  "Such determination must also include a consideration of the relative hardship to the non-moving party should the protective order be granted."  *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973) (citing

4

*United States v. Kordel*, 397 U.S. 1, 4-5 (1970)).  "Because of liberal discovery and the potential for abuse, the federal rules confer broad discretion on the district court to decide when a protective order is appropriate and what degree of protection is required."  *Whitt*, 2020 WL 7122615, at *3 (citing *Misc. Docket Matter No. 1 v. Misc. Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999)) (internal quotation marks omitted).  The party moving for a protective order bears the burden to "show the necessity of its issuance."  *Gen. Dynamics Corp.*, 481 F.2d at 1212.

Federal Rule of Civil Procedure 30(b)(6) governs depositions of organizational entities and provides as follows:

> Notice or Subpoena Directed to an Organization.  In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination.  The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify.  Before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination.  A subpoena must advise a nonparty organization of its duty to confer with the serving party and to designate each person who will testify.  The persons designated must testify about information known or reasonably available to the organization.  This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

Rule 30(b)(6)'s plain text does not limit the topics of deposition, providing only that "[t]he persons designated must testify about information known or reasonably available to the organization."  Fed. R. Civ. P. 30(b)(6).  The Rule 30(b)(6) deposition serves a unique function as it is the "sworn corporate admission that is binding on the corporation."  *See Sprint Communications, Co., L.P. v. Theglobe.com, Inc.*, 236 F.R.D.

5

524, 527 (D. Kan. 2006).  The Rule 30(b)(6) designee does not give a personal opinion; but, rather, they present the corporation's position on the topic.  *Id.*  That is why the Rule provides that "[t]he persons designated must testify about information known or reasonably available to the organization."  Fed. R. Civ. P. 30(b)(6).

Discovery through Rule 30(b)(6) deposition differs from discovery obtained through other means like interrogatories and requests for production.  *See e.g., Buehrle v. City of O'Fallon, Missouri*, 2011 WL 529922, at *3 (E.D. Mo. Feb. 8, 2011) ("Discovery by means of a Rule 30(b)(6) deposition differs from discovery obtained through other means, e.g. interrogatories and requests for production…[because it] allows the requesting party to obtain more complete information and is, therefore favored."); *Great American Ins. Co. of New York v. Vegas Const. Co., Inc.*, 251 F.R.D. 534, 541 (D. Nev. 2008) ("Producing documents and responding to written discovery is not a substitute for providing a thoroughly educated Rule 30(b)(6) deponent.").  The party requesting the deposition must "reasonably particularize the subjects of the intended inquiry so as to facilitate the responding party's selection of the most suitable deponent."  *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 638 (D. Minn. 2000).  In return, "the responding party must make a conscientious, good-faith effort to designate knowledgeable persons…and to prepare them to fully and unevasively answer questions about the designated subject matter."  *Dwelly v. Yamaha Motor Corp.*, 214 F.R.D. 537, 540 (D. Minn. 2003).  "If no current employee has sufficient knowledge to provide the requested information, the party is obligated to prepare [one or more witnesses] so that they may give complete, knowledgeable and binding answers on behalf of the corporation."  *Dravo*

*Corp. v. Liberty Mut. Ins. Co.*, 164 F.R.D. 70, 75 (D. Neb. 1995). The designating party

has a duty to designate more than one deponent if necessary to respond to relevant areas

of inquiry on the notice topics. Fed. R. Civ. P. 30(b)(6); *see Reilly v. Natwest Markets*

*Group Inc.*, 181 F.3d 253, 268 (2d Cir. 1999). While there is certainly a somewhat

onerous burden on a defendant to prepare a knowledgeable Rule 30(b)(6) deponent, there

is no less onerous means of assuring that the position of a corporation can be fully and

fairly explored. *See Prokosch*, 193 F.R.D. at 639. "It is not up to [Defendant] to

determine what discovery [Plaintiff] needs." *See In re Vitamins Antitrust Litigation*, 216

F.R.D. 168, 174 (D.D.C. 2003).

### III. DISCUSSION

**A.  Oral Argument**

First, based on its discretion, the Court finds that oral argument is not warranted in

this matter and that, therefore, Mastec's and Charter's respective requests for oral

argument are **DENIED**.

**B.  Protective Order and Rule 30(b)(6)**

As to the merits of the renewed motions for protective orders, Charter and Mastec

seek protective orders to prevent or limit the scope of plaintiff's Rule 30(b)(6)

depositions as irrelevant, overbroad, and/or unduly burdensome. Further, Charter and

Mastec argue that because the topics in the second amended notice are so overly broad, it

would be impossible for any witness to thoroughly prepare to testify. In response,

plaintiff argues that Charter and Mastec rely on conclusory assertions of undue burden

such that they cannot establish good cause to forbid or limit the Rule 30(b)(6) deposition.

Further, plaintiff argues that the noticed topics are relevant and proportional to plaintiff's claims such that Charter and Mastec can, and should, prepare designees to answer questions about the designated subject matter.

### 1. The Court finds that the topics containing reference to "construction project" and "construction site" are overly broad and unduly burdensome as defined by plaintiff.

Charter and Mastec argue that plaintiff's definition of "construction project" or "construction site" is overly broad in terms of time, scope, and geographic area.  [Doc. 44 at p. 6, Doc. 42 at pp. 5-6].  As defined in plaintiff's second amended notice, "construction site" and "construction project" are:

> "Construction site" and "construction project" shall mean and refer to all work being conducted by Charter, MasTec, and/or any other crew/company for the placement of fiberoptic cable in St. Francois and Ste. Genevieve County, Missouri from January 1, 2022 through December 31, 2023 pursuant to the Rural Digital Opportunity Fund from the Federal Communications Commission."

[Doc. 42-4 at p. 2; Doc. 44-3 at p. 2].

Charter and Mastec argue that plaintiff's written discovery was limited to a shorter timeframe (only one year instead of two) and to one portion or geographic segment of the project on which the subject accident occurred.  [Doc. 47 at pp. 7-8; Doc. 48 at p. 8].  Both Charter and Mastec argue that this greater scope in the Rule 30(b)(6) notice results in an undue burden imposed on each of them to comply.

Plaintiff responds primarily by arguing that Charter and Mastec have only made conclusory statements relating to undue burden as opposed to a particular and specific demonstration of fact.  [Doc. 45 at pp. 8-9].  Plaintiff also contends that the time, scope

and geographic area are relevant and proportional to plaintiff's claims because they are sufficiently particular, not overbroad, and are further limited to "when any crew is performing work under a MoDOT permit signed by Charter as 'applicant'". [*Id.* at p. 10].

The Court agrees with Charter and Mastec that the definition of "construction project" or "construction site" is overly broad in terms of time, scope, and geographic area.  While the scope of discovery under Rule 26 is extremely broad as to relevant evidence, the Court agrees that plaintiff's definition of "construction project" or "construction site" as used in any and all topics in plaintiff's second amended notice pursuant to Rule 30(b)(6) is overly broad and would be unduly burdensome.  "When the notice is overbroad, the responding party is unable to identify the outer limits of the areas of inquiry noticed, and designating a representative in compliance with the deposition notice becomes impossible." *Lipari v. U.S. Banccorp, N.A.*, 07-2146-CM-DJW, 2008 WL 4642618 at *5 (D. Kan. Oct. 16, 2008).  Even though plaintiff's definition limits the geographic and temporal scope, the proposed geographic and temporal scope are excessive and beyond a reasonable and relevant scope for a Rule 30(b)(6) deposition. Accordingly, the Court grants Charter and Mastec's request for protective order in part and orders plaintiff to narrow and clarify the definition of "construction project" or "construction site" to Ste. Genevieve County, Missouri for the time period from January 1, 2022, through December 31, 2022.

9

***2. With the exception of Topic No. 16, the Court finds that the topics, as now limited in scope by the limitation on the definitions, are stated with reasonable particularity, are sufficiently narrow in scope, seek relevant information, and are proportional to the present case.***

Charter and Mastec next argue that various other topics in the plaintiff's second amended notice pursuant to Rule 30(b)(6) are overly broad and unduly burdensome because they contain unlimited scope of "actions". [Doc. 44 at pp. 8-12; Doc. 42 at pp. 9-12]. Specifically, Charter and Mastec argue that they cannot discern what "all actions" means [Doc. 44 at pp. 8-10; Doc. 42 at pp. 9-11] and other terms that Charter and Mastec argue have bounds that cannot be reasonably determined. [Doc. 44 at pp. 10-12; Doc. 42 at pp. 11-12]. Plaintiff responds primarily by arguing that the topics are sufficiently particular and relevant and do not seek information and facts regarding anything and everything that happened on the construction project over two years. [Doc. 46 at p. 10; Doc. 45 at p. 10]. Rather, plaintiff argues that each topic is limited to information that deals with training, temporary traffic control compliance, compliance with safety aspects of the MoDOT permit, the use of a safety inspector on the construction project, and safety policies. [*Id.*].

The Court has carefully reviewed the parties' arguments in relation to each of these topics and the topics themselves as drafted. With the exception of Topic No. 16, the Court concludes that each of the topics, as now limited in scope by the limitation on the definitions *supra*, is stated with reasonable particularity, is sufficiently narrow in scope, seeks relevant information, and is proportional to the present case. The mere fact that some of those topics may require the review of a large volume of information and

10

extensive time preparing does not mean they are per se lacking in the reasonable particularity required of Rule 30(b)(6) topics.  Accordingly, the Court denies Charter and Mastec's request for a protective order generally.  Charter and Mastec shall designate a witness (or witnesses) to testify to the best of his or her ability.  Any specific objections to evidence, a party's conduct, to the witness' qualifications, to the manner of taking the deposition, or to any other aspect of the deposition must be stated concisely in a nonargumentative and nonsuggestive manner consistent with Rule 30(c)(2).  Fed. R. Civ. P. 30(c)(2).

As to Topic No. 16, which states:

> "16.  Knowledge regarding the dangers posed to traveling motorists when a vehicle is blocking a lane of traffic on a highway without advanced warning signs,"

the Court agrees with Charter and Mastec that it is a hypothetical and could also potentially call for a designated witness to make a legal conclusion.  Accordingly, the Court grants Charter and Mastec's request for protective order in part and strikes Topic No. 16 from plaintiff's second amended notice pursuant to Rule 30(b)(6).

### 3. *The Court will extend the case management order consistent with this Order.*

The Court recognizes the burden that this Memorandum and Order imposes on Charter and Mastec to designate and prepare their Rule 30(b)(6) witness (or witnesses). As such, the Court will extend the case management order to reflect a reasonable amount of time to complete the Rule 30(b)(6) depositions within the discovery deadline.  All discovery shall be completed in this case no later than June 27, 2026.  Any motion to dismiss, motion for judgment on the pleadings, motion for summary judgment, or

Daubert motion shall be filed no later than August 1, 2026.  Any brief opposing such motion shall be filed no later than August 22, 2026.  Any reply brief shall be filed no later than September 6, 2026.  The jury trial shall remain set for March 1, 2027 to March 12, 2027.

## IV. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that defendant MasTec North America, Inc.'s Renewed Motion for Protective Order and Request for Oral Argument [Doc. 41] is **GRANTED IN PART and DENIED IN PART**.  The definitions of "construction project" or "construction site" shall be limited as set forth in this Memorandum and Order.  Topic No. 16 of plaintiff's second amended notice pursuant to Rule 30(b)(6) shall be stricken.  Defendant MasTec North America, Inc. shall designate and produce a Rule 30(b)(6) witness (or witnesses).

**IT IS FURTHER ORDERED** that defendant Charter Communications, Inc.'s Renewed Motion for Protective Order and Request for Oral Argument [Doc. 43] is **GRANTED IN PART and DENIED IN PART**.  The definitions of "construction project" or "construction site" shall be limited as set forth in this Memorandum and Order.  Topic No. 16 of plaintiff's second amended notice pursuant to Rule 30(b)(6) shall be stricken.  Defendant Charter Communications, Inc. shall designate and produce a Rule 30(b)(6) witness (or witnesses).

**IT IS FINALLY ORDERED** that a Second Amended Case Management Order shall enter consistent with this Memorandum and Order.

**SO ORDERED** on this 20th day of March, 2026.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE