UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

JOHN LESTER SHEARIN, JR.,       )
                                       )
       Plaintiff,          )
                                       )
       v.                 )       Case No. 1:25-cv-00083-SNLJ
                                       )
CHARTER COMMUNICATIONS,  )
INC., et al.,               )
                                       )
       Defendants.      )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for an order compelling discovery from defendant Mastec North America, Inc. (hereinafter referred to as "Mastec"). [Doc. 51]. Mastec opposes the motion. [Doc. 65]. For the reasons set forth below, the motion for an order compelling discovery from defendant Mastec North America, Inc. [Doc. 51] is **GRANTED in part and DENIED in part**.

### I. BACKGROUND

This case arises from a motor-vehicle crash that occurred at the time work was being performed as part of the Rural Digital Opportunity Fund, the federal program allocated for the construction of broadband networks in rural communities across the United States, including St. Francois County and Ste. Genevieve County, Missouri. [Docs. 33, 34, 43, 45]. On May 22, 2022, plaintiff swerved into the left lane of oncoming traffic to avoid a work truck, owned by Push Underground Construction, LLC, and parked in the southbound lane of Route O, near the intersection of Highway 32, in St.

Genevieve County.  [*Id.*].  As a result of plaintiff swerving into the left lane of oncoming traffic, he collided with an oncoming vehicle.  [*Id.*].  Plaintiff claims to have suffered severe and permanent injuries as a result.  [*Id.*].  Numerous allegations made by plaintiff relate to Charter's and Mastec's duties and obligations relating to their work under the Rural Digital Opportunity Fund and their correlating duties and obligations as a Missouri Department of Transportation (MoDot) applicant/permittee and contractor.  [*Id.*]. This case was initially filed in state court in June 2022.  [Docs. 42, 44].  During its tenure in state court, plaintiff amended his petition numerous times; and, the parties conducted extensive discovery.  [*Id.*].  Plaintiff then voluntarily dismissed the state court action on May 5, 2025.  [*Id.*].

On May 15, 2025, plaintiff refiled suit in this Court.  [Doc. 1].  A Rule 16 Order entered on June 6, 2025, assigning the case to Track 2.  [Doc. 13].  The case management order was then entered on June 30, 2025, set a February 27, 2026, discovery deadline. [Doc. 23].  Plaintiff then filed his amended complaint on September 18, 2025.  [Doc. 33]. The amended complaint alleges six counts against Mastec for negligent hiring of Excel Utility Contractors, LLC; negligent training; negligence (vicarious liability); negligent retention of Excel Utility Contractors, LLC; negligent retention of Push Underground Construction; and negligence generally.  [*Id.*].

On December 10, 2025, plaintiff served Mastec with a set of interrogatories pursuant to Federal Rule of Civil Procedure 33.  [Doc. 51-1].  Mastec served their objections and answers to the interrogatories on January 9, 2026.  [Doc. 51-2].  After the parties met and conferred, Mastec withdrew its "contention interrogatory objections", but

2

continued to assert its remaining objections.  [Doc. 51-5].  Plaintiff has now filed his

motion to compel.  [Doc. 51].

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure Rule 26(b)(1),

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

> Fed. R. Civ. P. 26(b)(1).

"Relevancy is broadly construed, and a request for discovery should be considered

relevant if there is *any possibility* that the information sought may be relevant to the

claim or defense of any party." *Trickey v. Kaman Indus. Technologies Corp.,* 1:09CV26

SNLJ, 2010 WL 3892228, *2 (E.D.Mo. Sept. 29, 2010) (quoting *Breon v. Coca–Cola

Bottling Co. of New England,* 232 F.R.D. 49, 52 (D.Conn.2005)) (original emphasis)

(internal quotation omitted). Even if relevant, however, "discovery is not permitted where

there is no need shown or compliance would be unduly burdensome, or where harm to

the person from whom the discovery is sought outweighs the need of the person seeking

the information." *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter

No. 2,* 197 F.3d 922, 925 (8th Cir.1999) (quoting *Micro Motion, Inc. v. Kane Steel Co.,*

894 F.2d 1318, 1323 (Fed.Cir.1990)).

Objections to discovery requests must be stated with particularity. Fed. R. Civ. P. 33(b)(4); 34(b)(2)(B).  Where a party resisting discovery objects to part of a request, the party must state which part it is to which they object. Fed. R. Civ. P. 34(b)(2)(C). "Upon the filing of a motion to compel, the Court may summarily overrule an objection to any discovery request if the object is not stated in detail." *Frey v. Fed. Reserve Bank of St. Louis*, No. 4:15-CV-737 CEJ, 2015 WL 8276932, at *2 (E.D. Mo. Dec. 8, 2015) (quoting E.D.Mo. L.R. 3.04).

### III. DISCUSSION

Plaintiff seeks an order to compel a response to the following discovery requests:

- Interrogatory No. 1 seeks identification of all persons who provided information in response to or assisted in answering the interrogatories.

- Interrogatory No. 2 seeks identification of all persons believed to have knowledge or information relating to allegations in the complaint.

- Interrogatory Nos. 3-8 seeking identification of actions Mastec took regarding compliance with difference sections of the Missouri Standard Specifications for Highway Construction Manual and Engineering Policy Guide.

- Interrogatory Nos. 9 and 10 seek identification of actions taken by Mastec in response to complaints from MoDOT or Ste. Genevieve County.

- Interrogatory Nos. 11 and 12 seek identification of what steps Mastec took to determine that subcontractors on the project were knowledgeable about mandatory permit standards.

- Interrogatory Nos. 13 and 14 seek identification of actions Mastec took in response to specific crews, Excel and Push, not following temporary traffic control.

4

- Interrogatory Nos. 15 and 16 seek identification of complaints received by Mastec about temporary traffic control and permit violations.

- Interrogatory No. 17 seeks training information about Mastec's employees that performed work on this construction project.

- Interrogatory No. 18 seeks information about Mastec's response to an email received by a Mastec employee about a specific issue with temporary traffic control.

- Interrogatory Nos. 19-21 seeks information about what employees of Mastec were on site at the construction project from February 1, 2022 to May 22, 2022.

- Interrogatory No. 22 seeks Mastec's net worth.

These interrogatories are limited to the temporal and geographical scope as defined by "construction project" or "construction site."[1]  "Construction project" or "construction site" are defined as:

> "Construction site" and "construction project" shall mean and refer to all work being conducted by Charter, MasTec, and/or any other crew/company for the placement of fiberoptic cable in St. Francois and Ste. Genevieve County, Missouri from January 1, 2022 through December 31, 2023 pursuant to the Rural Digital Opportunity Fund from the Federal Communications Commission."

> [Doc. 51-1 at p. 2].

Mastec objects to all the interrogatories (except Nos. 1 and 22) as being overly broad, vague, ambiguous, unduly burdensome, and seeking irrelevant information.

---

[1] Interrogatory Nos. 1 and 2 are not limited by the temporal and geographical scope defined by "construction project" or "construction site" because they are generalized interrogatories that identify persons providing information for answers to the interrogatories or that may possess knowledge or information relating to the allegations in the complaint.  Interrogatory No. 22 is not limited by the temporal and geographical scope because it relates only to Mastec's net worth for purposes of punitive damages.

5

Mastec then answers interrogatory Nos. 1, 2, 9, 10, 12, 17, 18, 19, 20, 21, and 22 by stating, "Subject to and without waiving the foregoing objections…"  Mastec completely objects and refuses to answer interrogatory Nos. 3, 4, 5, 6, 7, 8, 11, 13, 14, 15, and 16.

The Court sustains Mastec's objections as it relates to the overly broad and unduly burdensome geographic and temporal scope for the interrogatories focused on the "construction project" or "construction site".[2]  While the scope of discovery under Rule 26 is extremely broad as to relevant evidence, the Court agrees that plaintiff's definition of "construction project" or "construction site" as used in any and all topics in plaintiff's interrogatories is overly broad and would be unduly burdensome.  Even though plaintiff's definition limits the geographic and temporal scope, the proposed geographic and temporal scope are excessive and beyond a reasonable and relevant scope for discovery.  Accordingly, the Court orders that the definition of "construction project" or "construction site" shall be narrowed to Ste. Genevieve County, Missouri for the time period from January 1, 2022, through December 31, 2022.

The Court has reviewed the parties' other arguments in relation to the remaining objections and alleged issues with plaintiff's interrogatories.  The Court concludes that the interrogatories, as now limited in scope by the limitation on the definition *supra*, is not overly broad, is not vague, is not ambiguous, is not unduly burdensome, and is not seeking irrelevant information.  The mere fact that some of the interrogatories may

---

[2] The Court's ruling sustaining Mastec's objections as it relates to the overly broad geographic and temporal scope of "construction project" or "construction site" applies to Interrogatory Nos. 3-21.

require Mastec to spend a significant amount of time researching to find and provide complete answers does not mean that the interrogatories are per se objectionable. The Court disagrees with Mastec's assertion that plaintiff's interrogatories "seek to capture every detail of Mastec's involvement or action on the project…irrespective of its relevance or proportionality to the needs of the case." [Doc. 65 at p. 5]. Plaintiff's interrogatories seek to discover and capture the relevant details necessary for plaintiff to proceed and attempt to prove the necessary elements for its claims against Mastec. Mastec does not get to determine what discovery plaintiff needs. *See In re Vitamins Antitrust Litigation*, 216 F.R.D. 168, 174 (D.D.C. 2003).

Based on the foregoing, the Court overrules Mastec's objections to plaintiff's interrogatories and grants plaintiff's motion to compel Mastec's answers to interrogatories. Since the Court has recently extended the discovery deadline [Doc. 69], the Court will grant Mastec twenty-eight (28) days within which to answer plaintiff's interrogatories subject to the narrowed scope of the "construction project" or "construction site" definition as set forth *supra*.

## IV. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiff's Motion for an Order Compelling Discovery from defendant Mastec North America, Inc. [Doc. 51] is **GRANTED IN PART and DENIED IN PART**. The Court sustains Mastec's objections as they relate to the overly broad and unduly burdensome geographic and temporal scope to the definition of "construction project" or "construction site" and hereby limits the definition

7

as set forth in this Memorandum and Order.  The Court overrules Mastec's remaining objections and grants plaintiff's motion to compel Mastec's answers to interrogatories subject to the narrowed scope of the "construction project" or "construction site" definition as set forth in this Memorandum and Order.  Mastec shall answer plaintiff's interrogatories consistent with this Memorandum and Order within twenty-eight (28) days.

**SO ORDERED** on this 24th day of March, 2026.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE